**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**Lois A. HENSLEY, Respondent.**

**S.C.B.D. 3020.**

Supreme Court of Oklahoma.

April 12, 1983.

---

Gary A. Rife, Gen. Counsel, Timothy P. Morris, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Lois A. Hensley, Tulsa, pro se.

LAVENDER, Justice:

This matter is before us for review and approval of a Report of the Trial Panel under the provisions of Rules Creating and Controlling the Oklahoma Bar Association, Okla.Stat.Ann., T. 5, Ch. 1, App. 1–A (West Supp.1983), Rules Governing Disciplinary Proceedings, and Okla.Stat.Ann. T. 5, Ch. 1, App. 3 (West Supp.1982), Code of Professional Responsibility.

A Complaint was filed against Respondent, Lois A. Hensley, pursuant to Rule 6, Rules Governing Disciplinary Proceedings, by the Oklahoma Bar Association, wherein it alleged in two separate counts that Respondent violated the Code of Professional Responsibility and should be disciplined.

Allegations of the complaint were that Respondent accepted employment on behalf of Ruth Davis (Davis) to probate the Estate of John Walter McCann, Davis's deceased son. Respondent filed a Petition for Letters of Administration in The District Court of Tulsa County, State of Oklahoma, in which Petition Respondent alleged that neither she nor her client, Davis, had knowledge of the whereabouts of the minor son of Walter McCann, deceased, when in fact Respondent and Davis both knew the whereabouts of said minor son. Thereafter, but prior to the hearing for the appointment of Davis as the Administratrix for the McCann Estate, Respondent had a conversation in chambers with the district court judge assigned to the case wherein she made representations that neither she nor Davis knew the whereabouts of the minor son, when in fact Respondent did know the whereabouts of the minor son. Thereafter, but prior to the hearing for the appointment of Davis as the Administratrix for the McCann Estate, Respondent directed her client, Davis, not to divulge the whereabouts of the minor son to the court if Davis were questioned at the hearing on that subject. At the hearing for the appointment of Administratrix, Respondent failed to make known to the court the whereabouts of the minor son, and failed to elicit testimony from Davis concerning the whereabouts of said minor son. At a subsequent hearing before the district court on the Application Requesting Suspension of Letters of Administration, Respondent admitted in open court that she had failed to indicate the whereabouts of the minor son on the Petition for Letters of Administration, as required by the laws of the State of Oklahoma, even though she knew the whereabouts of the minor son, and that she had made misrepresentations to the court as to the whereabouts of the minor son prior to the hearing in the Petition for Letters of Administration, and further admitted in open court that she had counseled Davis to engage in acts of fraud, deceit, and misrepresentation at said hearing contrary to the laws of the State of Oklahoma.

The Complaint further alleges that Respondent, at the hearing on the Application Requesting Suspension of Letters of Administration in the District Court of Tulsa County, did admit in open court that she was not familiar with the laws of the State of Oklahoma regarding probate procedure. Respondent attempted to represent Davis in the probate action even though Respondent knew she was not competent to do so, and with said knowledge failed to associate with a member of the Oklahoma Bar Association who was familiar with the laws pertaining to probate practice in the State of Oklahoma.

Hearing was had before the Trial Panel wherein the Oklahoma Bar Association appeared by Gary Rife, General Counsel, and Tim Morris, Assistant General Counsel, and in which Respondent appeared pro se. At the conclusion of the hearing, the Trial Panel found and determined that Respondent did know of the whereabouts of the minor son and did not disclose the address and whereabouts of the minor son to the court at any time during the probate proceedings, and that Respondent has violated Canon 7, DR 7–102(A)(3) of the Code of Professional Responsibility in that she knowingly con-

cealed or knowingly failed to disclose the facts of the minor son's whereabouts to the court, which she was required by law to reveal. The Trial Panel further found and determined that Respondent violated Canon 1, DR 1–102(A)(4) in that she engaged in conduct involving misrepresentation of facts to the court and engaged in conduct which was prejudicial to the administration of justice contrary to Canon 1, DR 1–102(A)(5). In so finding, the Trial Panel further found that Respondent was without evil intent to deprive the minor son of his inheritance, but took such course of action because she did not know that, although the minor son had been adopted by a Mr. O'Brien, under the laws of Oklahoma he would still be the sole and only heir at law of the decedent. The Panel further found that her course of action was further motivated by her belief that such procedure would save the expense of having a guardian appointed for the minor child.

The Trial Panel further found and determined that Respondent did not know that under the laws of intestacy of the State of Oklahoma, the minor son was the sole heir at law of his father, and as such was entitled to inherit the entire estate of approximately $25,000 gross, even though the father had been deprived of his parental rights. The Panel further found and determined that Respondent did inquire of the probate judge presiding over the probate whether he could enter a decree distributing the estate to decedent's mother rather than to decedent's minor son. The Trial Panel concluded that Respondent violated Canon 6, DR 6–101 in that she attempted to handle the probate proceedings, which she was not competent to handle without associating with her a lawyer who was competent to handle the same, and further attempted to handle the probate proceedings without preparation adequate under the circumstances.

The Trial Panel recommended that Respondent be suspended from the practice of law for two years and one day or until further order of the Court. The Panel further recommended that Respondent not be imposed for the cost of investigation, rec-

ord, and proceedings by reason of Respondent's limited means. In making its recommendations, the Panel noted that Respondent was on June 22, 1971, suspended from the practice of law for a period of thirty days.

The Canons of the Code of Professional Responsibility in pertinent part provide:

"DR 1–102. Misconduct

(A) A lawyer shall not:

\*    \*    \*    \*    \*    \*

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice."

"DR 7–102. Representing a Client Within the Bounds of the Law

(A) In his representation of a client, a lawyer shall not:

\*    \*    \*    \*    \*    \*

(3) Conceal or knowingly fail to disclose that which he is required by law to reveal."

"DR 6–101. Failing to Act Competently

(A) A lawyer shall not:

(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him."

We have carefully reviewed the entire record in this cause. Not only are the findings and conclusions of the Trial Panel fully supported by the overwhelming weight of the evidence, the evidence upon which they are based is unrefuted and substantiated by Respondent's own testimony.

A cursory examination of the statutes of Oklahoma would have revealed to Respondent that the names and addresses of all known heirs are required to be revealed to the Probate Court and that the grandson of

Respondent's client, Davis, was the sole and only heir at law of Davis's deceased son. Not only did Respondent conceal from the Probate Court the whereabouts of the minor heir, she affirmatively represented to the probate judge that his whereabouts were unknown. That the minor's whereabouts were known to Respondent is fully revealed by her counseling her client to deny in open court that the client knew the whereabouts of the heir.

A cursory examination of the statutes of Oklahoma would have further revealed to Respondent that a distribution of the estate to the minor heir's mother was not authorized by law, and that the guardianship proceedings over the estate of said minor heir was required by law.

Respondent tenaciously urges that despite the overwhelming evidence to the contrary she did not have personal knowledge of the address of the minor heir, although she does not attempt to dispute the overwhelming evidence that her client knew the minor's address and that Respondent was aware of the client's knowledge. Viewing Respondent's contrived unawareness in the most charitable and exculpatory light, her failure to learn the address of the heir when the means of said knowledge was immediately at hand and available upon mere inquiry, coupled with her knowledge that as an attorney she had a duty to make inquiry and her affirmative representation to the probate judge that the heir's whereabouts was unknown, is a clear and unequivocal act of dishonesty, fraud, deceit, and misrepresentation, and conduct that is prejudicial to the administration of justice. That she might have mispreceived said conduct as being beneficial to her client does not mitigate against the gravity of the offense or condone her callous neglect and disregard for the rights of the minor heir.

The minimal research which Respondent was required as an attorney at law to engage was not peculiar to probate law and procedure, a field in which Respondent had limited experience, but relates to her competency as an attorney to engage in the practice of law in *any* field of the law. Her unexplained failure to ascertain what she knew to be basic and statutorily defined points of law readily ascertainable by any member of the bar constitutes the handling of a legal matter without preparation adequate in the circumstances, and a gross neglect of a legal matter entrusted to her.

We have said: [1] "We do not function in this proceeding as a reviewing tribunal but rather as a licensing court acting in the exercise of its *exclusive original* jurisdiction. Neither the findings of the trial authority nor its assessments with respect to the weight of the evidence and credibility of witnesses can bind this court. * * * Lawyers stand licensed by the Supreme Court for the practice of their profession. The maintenance of strict integrity among the members of our bar is one of this court's constitutional responsibilities. Every licensed lawyer is presented to the public as a person worthy of confidence in the performance of all professional activities. If he should become unfit, it is our duty promptly to withdraw the endorsement for the immediate protection of the public."

The maintenance of the integrity of the members of the bar and the requirement that each of its members be presented to the public as a person worthy of confidence in the performance of all professional activities demands that in the case before us, no less than the extreme penalty of disbarment be imposed. We therefore decline to follow the recommendations of the Trial Panel that a lesser penalty be imposed.

We order that Lois A. Hensley be disbarred and her name stricken from the roll of attorneys.[2] In view of her limited financial means, we approve of the recommendation of the Trial Panel that the cost of the transcript and of the proceedings not be borne by Hensley.

BARNES, C.J., and IRWIN, HODGES, DOOLIN and OPALA, JJ., concur.

1. *State ex rel. Okl. Bar Ass'n v. Raskin,* Okl., 642 P.2d 262 (1982).

2. 40 A.L.R.3d 174, 188, 193; 96 A.L.R.2d 848, 870.

HARGRAVE and WILSON, JJ., concur in part and dissent in part.

SIMMS, V.C.J., did not participate.

HARGRAVE, Justice, concurring in part and dissenting in part:

I would concur in the majority opinion invoking discipline in this case; however, I would follow the recommendation of the Trial Panel and assess discipline at a two year and one day suspension from the practice of law.

I am authorized to state that WILSON, J., concurs with this view.