881 P.2d 337

**In the Matter of a Non–Member Practicing Law in the State of Arizona, K. David OLSEN, Respondent.**

**No. SB–94–0069–D.**
**Comm. No. 92–0913.**

Supreme Court of Arizona.

Sept. 6, 1994.

---

Yigael M. Cohen, State Bar Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **K. DAVID OLSEN,** a non-member practicing law in the state of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **K. DAVID OLSEN,** for costs incurred by the State Bar of Arizona in the amount of $401.24, together with interest at the legal rate from the date of this judgment.

1. Commissioner Greer did not participate in these proceedings.

2. Rule 46(b) states, in part, "A non-member engaged in the practice of law in the State of

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION
OF THE
SUPREME COURT OF ARIZONA

Comm. No. 92–0913

In the Matter of
K. DAVID OLSEN,
No. Z00192
a Non–Member Practicing Law
in the State of Arizona
RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed July 6, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on May 6, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Committee's recommendation of censure. No objections to the Hearing Committee's recommendation were filed.

### Decision

By a concurrence of the eight Commissioners considering this matter,[1] the Commission adopts the recommendation of the Hearing Committee that the respondent, K. David Olsen ("Olsen"), be censured. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

### Facts

The complaint in this matter details Olsen's fraud upon the courts of Arizona. The Disciplinary Commission has jurisdiction over this matter pursuant to Rule 46(b), Ariz. R.S.Ct.[2]

In April 1992 Olsen sought permission of the Superior Court of Maricopa County to

Arizona or specially admitted to practice for a particular proceeding before any court in the State of Arizona ... thereby submits himself to the disciplinary ... jurisdiction of this court ..."

appear *pro hac vice* in the matter of *Blas v. Federighi Development Co., Inc.,* Case No. CV 87–31532. On April 20, 1992, Olsen submitted an affidavit that he was an active member of the Utah and California bar associations. In truth, Olsen was at that time suspended from both of those bar associations. Olsen's deception later came to light, and this complaint followed.

Olsen also failed to cooperate with the State Bar's investigation into this matter.

### Procedural History

The complaint was filed on November 4, 1992. As Olsen resides outside of Arizona, the complaint was served upon the clerk of the Supreme Court.[3] Olsen failed to respond, and the complaint was deemed admitted.[4] He was notified of his right to be heard in mitigation and, again, failed to respond. The Committee's report was filed on January 21, 1994. Olsen was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. He did not object, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Committee's finding that Olsen violated ER 3.3(a)(1) and ER 8.4(c).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa,* 165 Ariz. 576, 799 P.2d 1350 (1990). The Commission uses this guideline, as well.

 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, submits a false document and causes a significant or potentially significant adverse effect on the legal proceedings.

Standard 6.1, *Standards for Imposing Lawyer Sanctions.* Disbarment has been imposed in Arizona for submitting false affidavits. *In re Fresquez,* 162 Ariz. 328, 783 P.2d 774 (1989). Olsen's conduct merits disbarment. However, Olsen is not a member of the State Bar of Arizona. As such, he cannot be disbarred or suspended from this association. The Commission agrees with the Hearing Committee that the only sanction that can be imposed upon Olsen in this proceeding is censure. However, the Commission strongly condemns Olsen's deception. The Commission specifically requests that the bar associations of Utah and California consider Olsen's deceitful conduct in Arizona in imposing reciprocal discipline, and before reinstating Olsen to active membership.

RESPECTFULLY SUBMITTED this 6th day of July, 1994.

/s/Steven L. Bossé
Steven L. Bossé, Chairman
Disciplinary Commission

---

**3.** Prior to June 1, 1993, Rule 55(b)(6) provided that the Clerk of the Supreme Court be the designated agent for service of all filings as to a respondent who has been absent from the state of Arizona for a continuous period of more than thirty days. As of June 1, 1993, that rule provides that the Disciplinary Clerk is the designated agent for service.

All documents were sent by certified mail to Olsen's address of record.

