[624 NYS2d 592]

In the Matter of ROBERT R. GOFFE (Admitted as ROBERT RANDOLPH GOFFE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 4, 1995

#### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Robert R. Goffe, was admitted to the practice of

law in the State of New York by the First Judicial Department on July 8, 1976 under the name of Robert Randolph Goffe. Respondent has never registered as an attorney with the Office of Court Administration and has never practiced law or maintained an office for the practice of law within this State.

By petition dated October 19, 1994, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 striking his name from the roll of attorneys based upon a similar discipline imposed by the District of Columbia Court of Appeals. By decision and order dated May 5, 1994, the District of Columbia Court of Appeals disbarred respondent from the practice of law in the District of Columbia, effective 30 days thereafter, based upon numerous findings of professional misconduct by a Hearing Committee of the District of Columbia Court of Appeals, Board of Professional Responsibility, in two unrelated matters (641 A2d 458).

In one matter the respondent was found to have forged and otherwise altered three legal documents to aid him in litigation. He was found to have violated DR 1-102 (A) (4) (conduct involving dishonesty, fraud, deceit and misrepresentation) and DR 1-102 (A) (5) (conduct prejudicial to the administration of justice) of the Code of Professional Responsibility.

In the other matter, respondent was found to have proffered fabricated or altered evidence to the Internal Revenue Service and the United States Tax Court to justify his future wife's 1982 tax return and had lied under oath before the Tax Court. The Court of Appeals found that respondent violated DR 1-102 (A) (4), DR 1-102 (A) (5) and DR 7-102 (A) (4) (knowingly using perjured evidence or false testimony).

The District of Columbia Court of Appeals adopted the Hearing Committee's findings of fact but disagreed with the recommended sanction of suspension. Noting that respondent had engaged in a pattern of dishonesty, as well as blatant fabrication and the creation of evidence, the Court concluded that respondent's misconduct was of a magnitude compelling disbarment.

We agree. The disciplinary rules respondent has been found to have violated by the District of Columbia Court of Appeals contain the same language as their relevant counterparts in New York. Therefore, the misconduct constitutes identical misconduct in this jurisdiction.

Section 603.3 (a) of the Rules of this Court (22 NYCRR)

provides as follows: "Any attorney to whom this Part shall apply, pursuant to section 603.1 of this Part who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction. For purposes of this Part, foreign jurisdiction means another state, territory or district."

Respondent has failed to interpose a response to the Committee's petition and raise any of the enumerated defenses set forth in section 603.3 (c) which if raised would require a hearing. The respondent was provided with sufficient notice and an opportunity to be heard. The findings of misconduct are supported by both documentary evidence and the testimony of witnesses and are, therefore, accepted as final by this Court.

The District of Columbia where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to disciplinary actions. *(See, Matter of Reiss,* 119 AD2d 1.) In addition, this Court has also disbarred attorneys who have engaged in a pattern of dishonesty and forged documents or submitted false affidavits or legal documents with fraudulent intent *(Matter of Newman,* 152 AD2d 203; *Matter of Kleiman,* 107 AD2d 241). Therefore, we concur in the findings of the District of Columbia Court of Appeals and adopt the punishment meted out by that jurisdiction as appropriate in the circumstances.

Accordingly, the Disciplinary Committee's petition for an order, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3, is granted and respondent's name is stricken from the roll of attorneys predicated upon similar discipline by the District of Columbia Court of Appeals on May 5, 1994.

ELLERIN, J. P., RUBIN, KUPFERMAN, NARDELLI and TOM, JJ., concur.

Petition granted and respondent disbarred from practice as an attorney and counselor-at-law, effective April 4, 1995.