2004 OK 78

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Jeffery D. WAGNON, Respondent.

Nos. SCBD4827, SCBD4833.

Supreme Court of Oklahoma.

Oct. 12, 2004.

---

Allen J. Welch, Oklahoma City, OK, for Oklahoma Bar Association.

Jeffery D. Wagnon, Pawhuska, OK, Pro Se.

TAYLOR, J.

¶ 1 The Oklahoma Bar Association initiated a Rule 7.7 reciprocal disciplinary proceeding against Respondent, Jeffrey D. Wagnon based upon his resignation from the State Bar of Texas in lieu of disciplinary action. A Rule 6 complaint was also filed based on allegations of misconduct in Oklahoma. The two matters were consolidated by this Court and assigned to a trial panel of the Professional Responsibility Tribunal. The panel was directed to make findings of fact and conclusions of law regarding the Rule 6 complaint. It was further directed to hear evidence germane to mitigation of the bar disciplinary sanction to be imposed.

¶ 2 That panel has recommended the sanction of disbarment for the misconduct which was conclusively established by Respondent's resignation in Texas along with the Oklahoma misconduct which the trial panel determined. Based upon this Court's *de novo* review, Respondent is disbarred. He is assessed the costs incurred in the investigation, the preparation of the record, and the proceedings in this matter.

## TEXAS MISCONDUCT

¶ 3 Under Rule 7.7(b) of the Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch.1, app. 1–A (2001), an adjudication of misconduct by the highest court of another state provides the basis for the imposition of discipline in Oklahoma. *See State of Okla. ex rel. Okla. Bar Ass'n v. Bransgrove,* 1998 OK 93, 976 P.2d 540, 541. Allegations of misconduct in a sister jurisdiction become conclusively established upon a respondent's failure to challenge them. *See State of Okla. ex rel. Okla. Bar Ass'n v. Heinen,* 2002 OK 81, 60 P.3d 1018, 1020.

¶ 4 Respondent in this matter resigned from the Texas Bar pending disciplinary proceedings. The Supreme Court of Texas "consider[ed] the detailed statement of professional misconduct contained within the Response of Chief Disciplinary Counsel to be deemed conclusively established for all purposes." This Court upholds the conclusive establishment of the allegations made in Texas. Respondent possessed a full and fair opportunity to litigate the Texas complaints. He chose to resign rather than to challenge the allegations against him. Thus, those allegations became conclusively established.

¶ 5 The professional misconduct with which Respondent was charged in Texas is as follows:

A. Kimberly Boyd—Jeffery Dane Wagnon, Case No. D1100219550

In or about July 2001, as a result of Wagnon's misrepresentation that he would represent her, Complainant Kimberly Boyd hired Wagnon to represent her in a wrongful foreclosure claim. Wagnon was paid a $3000 retainer fee in the matter.

Wagnon filed suit on behalf of Complainant Boyd. Thereafter, Wagnon neglected the legal matter and failed to provide any meaningful legal services for Complainant Boyd. Further, Wagnon failed to communicate with Complainant Boyd regarding the matter and failed to return phone calls and respond to faxes requesting information about the status of the case. Wagnon failed to notify Complainant Boyd of hearing dates and failed to provide an itemized accounting of Complainant Boyd's retainer when requested. Complainant Boyd hired new counsel to complete the representation.

On or about October 31, 2002, Wagnon received notice of this complaint by certified mail, return receipt requested. Wagnon was requested to reply, in writing, within thirty (30) days of receipt, but failed to do so and asserted no grounds for his failure to respond.

. . . .

B. Verlena Craven—Jeffery Dane Wagnon, Case No. D1080219298

In or about May 2002, as a result of Wagnon's misrepresentation that he would represent her, Complainant Verlena Craven hired Wagnon to represent her in a Chapter 13 Bankruptcy. Thereafter, Wagnon neglected the legal matter and failed to appear at scheduled hearings. Further, Wagnon failed to file the Chapter 13 Plan. The court dismissed Complainant Craven's bankruptcy because of Wagnon's neglect. Complainant Craven has attempted to contact Wagnon regarding the matter and Wagnon has failed or refused to communicate with Complainant Craven.

On or about September 30, 2002, Wagnon received notice of this complaint by certified mail, return receipt requested. Wagnon was requested to reply, in writing, within thirty (30) days of receipt, but failed to do so and asserted no grounds for his failure to respond.

. . . .

C. *Commission for Lawyer Discipline v. Jeffery Dane Wagnon,* Case No. D0010319916

On or about September 5, 2001, Complainant Amy Smith paid Wagnon a fee of $700.00 to represent her in the incorporation of her business. Thereafter, Wagnon neglected the legal matter and failed to provide any legal services to Complainant Smith. Further, Wagnon failed or refused to respond to Complainant Smith's numerous inquiries about the status of the matter and failed to return the unearned fee.

On or about July 26, 2002, Wagnon received notice of this complaint by certified mail, return receipt requested. Wagnon was requested to reply, in writing, within thirty (30) days of receipt, but failed to do so and asserted no grounds for his failure to respond.

. . . .

D. *Commission for Lawyer Discipline v. Jeffery Dane Wagnon,* Case No. D0060218865

Wagnon was hired in December 2000, on a contingency fee basis, to represent Complainant Billy Don Taylor in a personal injury case. Thereafter, Wagnon failed to perform any substantive legal services on behalf of Complainant Taylor. Wagnon abandoned his office without notice to Complainant Taylor and failed to communicate with Complainant Taylor regarding the status of his case.

On or about July 3, 2002, Wagnon was notified of this complaint by certified mail, return receipt requested. Wagnon was requested to reply, in writing, within thirty (30) days of receipt, but failed to do so and asserted no grounds for his failure to respond.

. . . .

E. *Commission for Lawyer Discipline v. Jeffery Dane Wagnon,* Case No. D0070218944

Wagnon was hired to represent Complainant Bermah L. Vaughn in Case No. 98–155–C26, *IBEC v. Bermah McKinney, et al.* Thereafter, Wagnon failed to raise defenses in an answer to the suit and failed to file a counterclaim as requested by Complainant Vaughn. However, Wagnon misrepresented to Complainant Vaughn that he had filed them. Wagnon then failed to respond to a motion for summary judgment and failed to appear at a scheduled deposition. Further Wagnon failed to notify Complainant Vaughn of the hearing on the motion for summary judgment resulting in a default judgment being granted. Beginning in January 2002, Wagnon failed to respond to any of Complainant Vaughn's requests for information regarding the status of the case and failed to withdraw from the representation despite requests from Complainant Vaughn that he do so.

On or about July 26, 2002, Wagnon was notified of this complaint by certified mail return receipt requested. Wagnon was requested to reply, in writing, within thirty (30) days of receipt, but failed to do so and asserted no grounds for his failure to respond.

. . . .

It is this conduct which now forms part of the basis for the imposition of discipline in Oklahoma. The Texas misconduct is centered around client neglect which resulted in a default judgment against one client and dismissal of another client's action. The misconduct includes failure to inform clients concerning the status of a matter, failure to maintain adequate communication with clients, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, failure to take reasonable steps to mitigate the consequences to the client upon withdrawal from representation, and failure to timely furnish the Texas Chief Disciplinary Counsel's office with a response.

## OKLAHOMA MISCONDUCT

¶ 6 The Oklahoma Bar Association filed a three-count complaint based on Respondent's conduct after he moved to Oklahoma from Texas in 2002. The conduct implicates several provisions of the Rules of Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001).

¶ 7 Count I alleged misconduct in Respondent's representation of Sonya Wilson in a business-related matter. Some legal services were performed but then Respondent's activities slowed. Eventually, he stopped communicating with Wilson altogether. Respondent then moved from Tulsa to Pawhuska without notifying Wilson. His phone was disconnected and Wilson was unable to make contact with Respondent for several months. Respondent returned Wilson's documents and retainer only after she complained to the Bar Association. This Court agrees with the trial panel's determination that Respondent's conduct violated Rule 1.3, the duty to act with reasonable diligence, Rule 1.4, the duty to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and Rule 3.2, the duty to make reasonable efforts to expedite litigation.

¶ 8 Counts II and III arose from Respondent's representation of Bobbie Sue Briggs Gosvener, plaintiff in a divorce action. Prior to Respondent's representation, Gosvener sought and obtained an emergency protective order against her estranged husband through a lawyer with the Osage Nation Counseling Center. That lawyer was also representing her in the divorce action. When the lawyer's contract with the tribe expired, Respondent was assigned to the matter.

¶ 9 After a few months, Gosvener was unhappy, due to an inability to communicate with Respondent, and fired him. Respondent withdrew from the divorce action when Gosvener hired another lawyer. There was confusion concerning Respondent's representation of Gosvener regarding the protective order. Gosvener believed she had fired Respondent from representation in both the divorce action and the associated protection

order matter. Respondent testified that he thought he still represented Gosvener concerning the protective order.

¶ 10 When the emergency protective order came up for review, counsel for the husband did not appear and a final protective order was entered. Later, husband's counsel made contact with Respondent and alleged he had been given no notice of the hearing. Respondent's file reflected no notice to opposing counsel. Respondent, without Gosvener's knowledge or consent, moved to vacate the final protective order and reset the final protective order hearing. The trial court granted the motion and reset the hearing. When Gosvener learned that the final order had been vacated, she directed her divorce lawyer to have it reinstated. The district court reinstated the final protective order noting that the court file indicated that husband's counsel had received notice of the original hearing on the final protective order.

¶ 11 This conduct by Respondent, which resulted in Count II of the Rule 6 complaint, constitutes a violation of Rule 1.2 concerning the scope of representation. Authority to move to vacate the final protective order was the client's. Respondent's conduct also violates the Rule 1.4 requirement that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

¶ 12 Count III alleged that by vacating the final protective order the Respondent left Gosvener without the protection of any order for a period of time. At the disciplinary hearing, however, it became evident that Gosvener may have remained protected by the *emergency* protective order until the final order was reinstated. The Bar conceded, and the trial panel agreed, that Count III was not demonstrated by clear and convincing evidence. This Court also agrees and Respondent is exonerated in regard to that allegation.

## DISCIPLINARY SANCTION

¶ 13 Respondent's actions in Oklahoma and Texas demonstrate serious misconduct in several regards over an extended period of time. Enhancing the sanction to be imposed is Respondent's failure to timely or adequately respond to the disciplinary process in Texas and in Oklahoma.

¶ 14 Respondent failed to timely respond to any of the five Texas complaints. When Respondent chose to resign from the Texas Bar, the Supreme Court of Texas ordered him to file two affidavits concerning notice of resignation to clients and the bench. Neither affidavit was filed and Respondent has ignored reminders of that obligation.

¶ 15 Respondent's indifference to the Texas disciplinary process is mirrored in his response to the disciplinary process in Oklahoma. He has failed to act in a timely manner, or has failed to respond, at each stage of the disciplinary process. In addition, Respondent promised the General Counsel's Office on at least nine occasions that he would resign rather than proceed to trial. Less than a week before trial, however, he reversed his position at the urging of his mother.

¶ 16 At the disciplinary hearing, Respondent was provided the opportunity to present evidence tending to mitigate the severity of discipline. He presented only his testimony that in 2001 he suffered a "severe bout of depression" brought on by economic losses and his wife leaving him. His testimony revealed that, although he had been treated for depression, he had failed to "stick with the course of therapy and medication." No supporting evidence concerning Respondent's depression or his financial and family problems was presented.

¶ 17 Respondent's misconduct spanned several years and seven clients in two states. The disciplinary sanction to be imposed is enhanced by his response to the disciplinary process. This Court imposes the severest sanction, that of disbarment.

¶ 18 The Oklahoma Bar Association is entitled to be reimbursed for the expenses incurred in the investigation, the record, and the proceedings in this matter. Respondent is assessed these costs in the amount of $966.02. It is ordered that the costs be paid within 90 days.

RESPONDENT DISBARRED AND OR-
DERED TO PAY COSTS.

¶ 19 ALL JUSTICES CONCUR.