[886 NYS2d 700]

In the Matter of JOHN J. BUDNICK (Admitted as JOHN JOSEPH BUDNICK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 15, 2009

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Robert A. Green* of counsel), for petitioner.

*Genevieve Lane Lopresti*, Mineola, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated May 30, 2007 containing three charges of professional misconduct. After a preliminary hearing on May 15, 2008 and a hearing on July 11, 2008, the Special Referee sustained all three charges and denied the respondent's application to dismiss the petition.

The Grievance Committee now moves to confirm the Special Referee's report, which sustained all three charges of professional misconduct, and to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in opposition requesting that the findings of the Special Referee be set aside and the charges dismissed in their entirety. The respondent submits that his clients would have been severely damaged by losing their property, and that the lack of monetary gain to himself, as well as the amount of pro bono work he engages in, his remorse, professional reputation, and reputation in the community, dictate that the charges be dismissed or that, at the most, a public censure be imposed.

Charge one alleges that the respondent has engaged in conduct involving dishonesty, fraud, and deceit by knowingly filing a false instrument with a governmental agency, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about the spring of 2000, in the course of representing a client in a construction loan application, the respondent learned that the subject real property was encumbered by a mortgage held by Fortune Properties, Inc., a defunct corporation. In or about June 2000, in an effort to clear the lien and facilitate the closing of the construction loan, the respondent formed a new corporation named Fortune Properties, Inc. On or about July 5, 2000, the respondent caused to be prepared a mortgage satisfaction for the lien of record which encumbered his client's property. The respondent had the satisfaction executed on behalf of the newly-formed Fortune Properties, Inc. and notarized the signature affixed thereto. The respondent thereafter knowingly

caused the false satisfaction of mortgage to be filed with the Nassau County Clerk's Office on August 16, 2000.

Charge two alleges that the respondent has engaged in conduct that is prejudicial to the administration of justice by knowingly filing a false instrument with a governmental agency, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge three alleges that the respondent has engaged in conduct that adversely reflects on his fitness as a lawyer by knowingly filing a false instrument with a governmental agency, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the three charges of the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. The respondent asserts that his action in forming a new corporation called Fortune Properties, Inc. to issue a satisfaction of mortgage was not even necessary and added nothing to the process that eventually would have resulted. At the time of the respondent's action, there was no original corporation called Fortune Properties, Inc. that he could locate. Since that mortgage had not been discharged, it still existed, even though it was not owned by anyone the respondent could locate. An application to discharge the mortgage would have taken at least a year, during which time the respondent's clients would have lost their property to a mortgage that was fraudulent. According to the respondent, he acted in response to a defunct corporation. His actions neither harmed nor prejudiced any party and, had he not acted in the manner in which he had, his clients would have lost their property. He submits that his expressed remorse, his cooperation with the Grievance Committee through his admissions, the stipulation and the hearing, the mitigating circumstances, along with his standing in the community and his excellent reputation and unblemished record, warrant, at most, a public censure.

While there is no dispute that the respondent knowingly filed a false instrument with the Nassau County Clerk, there was no direct victim of his misconduct. While such conduct is not to be condoned, the respondent's sole motivation appears to have been to assist a client who was in dire circumstances when other remedies were perceived as unavailable.

Taking into consideration the respondent's previously unblemished record and his extensive pro bono work, we determine that he should be suspended from the practice of law for a period of two years.

RIVERA, J.P., SPOLZINO, FISHER, DILLON and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John J. Budnick, admitted as John Joseph Budnick, is suspended from the practice of law for a period of two years commencing October 15, 2009 and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of that two-year period, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John J. Budnick, admitted as John Joseph Budnick, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John J. Budnick, admitted as John Joseph Budnick, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).