Matter of Toback (2021 NY Slip Op 05066)





Matter of Toback


2021 NY Slip Op 05066


Decided on September 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla
Martin Shulman, JJ.


Motion No. 2021-02147 Case No. 2021-02281 

[*1]In the Matter of Ellen Toback (Dorfman) (admitted as Ellen Toback), an attorney and counselor-at law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ellen Toback (Dorfman), (OCA Atty. Reg. No. 2315372) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 5, 1990.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Daniel D. Baek, of counsel), for petitioner.
Respondent, pro se.
Per Curiam 


Respondent Ellen Toback (Dorfman) was admitted to practice law in the State of New York by the First Judicial Department on March 5, 1990 under the name Ellen Toback. At all times relevant to this proceeding, respondent maintained a registered address in Florida, where she was admitted to practice and resides.
The Attorney Grievance Committee (the AGC) now seeks an order, pursuant to the Rules for Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing her to demonstrate why this Court should not impose discipline in New York based on her discipline in Florida or, in the alternative, sanctioning her as this Court deems appropriate. Respondent opposes, asserting an infirmity of proof establishing misconduct as an affirmative defense.
In September 2019, the Florida Bar filed a complaint against respondent alleging that she falsely notarized an agreement, executed a certification in litigation related thereto in which she made false statements, and repeatedly gave false testimony at a deposition. Respondent submitted an answer in which she admitted to all of the facts and charges alleged in the complaint.
On November 15, 2019, the appointed Referee granted the Florida Bar's motion for partial summary judgment, noting that the parties were in agreement that there were "no genuine issues of material facts relating to the allegations." The facts of misconduct are as follows.
Respondent witnessed and notarized an agreement, which was dated January 14, 2014, outside the presence of one of the purported signers, S.D. S.D.'s father, W.D., was present and indicated that his son had signed the agreement, when in fact, S.D. was not present and respondent did not witness him sign the agreement. Respondent knew that a notary public cannot notarize a signature unless the notary witnesses the person sign the document in person and acknowledges under oath that the signature is his or hers.
In 2017, W.D. sued S.D. in the Superior Court of New Jersey. Respondent executed a certification in the New Jersey litigation in which she falsely stated that she observed S.D. sign the agreement. However, respondent could not have observed either S.D. or W.D. sign the agreement on January 14, 2014 because her notary stamp was not in force at that time. On or about August 7, 2017, respondent was deposed in the New Jersey litigation during which she falsely testified that both S.D. and W.D. came to her office on January 14, 2014 and that she witnessed their execution of a document and then she notarized that document. However, later in the questioning, she admitted to making false statements in her certification and admitted that her earlier testimony regarding the January 14, 2014 notarization was false.
By a February 26, 2020 decision, consistent [*2]with his earlier ruling and the record before him, the Referee recommended that respondent be found guilty of having violated Rules Regulating the Florida Bar, including rule 3-4.3 (Misconduct and Minor Misconduct); 4-3.3(a) (False Evidence; Duty to Disclose); and 4-8.4 ("A lawyer shall not: [a] violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; [b] commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects; [c] engage in conduct involving dishonesty, fraud, deceit, or misrepresentation ; [d] engage in conduct in connection with the practice of law that is prejudicial to the administration of justice ").
On the issue of sanctions, the Referee found that respondent's conduct was aggravated by dishonest or selfish motive, that she had multiple opportunities to correct her misconduct but continued to make material representations under oath to cover up her actions, and her conduct was not disclosed to her employer or the Florida Bar until identified during her deposition. She engaged in a pattern of misconduct involving multiple offenses, including executing her notary outside the presence of the signatory, backdating the document at issue to a date when she did not have a notary license, executing a certification which she knew to be false, and repeatedly giving false deposition testimony. The Referee also noted that respondent renewed her notary license after the complaint was made to the Florida Bar and she had admitted her misconduct, she continued to act as a notary despite impending sanction, and she failed to self-report her misconduct to the Florida and New York Bars.
Based on the foregoing, the Referee found that disbarment was the appropriate sanction. By February 24, 2021 order, the Supreme Court of Florida affirmed the Referee's misconduct findings and the sanction recommendation, effective thirty days from the date of the order.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13 (b), respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. The AGC argues that none of the enumerated defenses to reciprocal discipline apply herein because respondent received adequate due process in the Florida proceeding in that she received notice of the charges against her and, represented by counsel, chose to admit them; she participated in the sanction hearing; the misconduct findings are fully supported by the record; and respondent's misconduct in Florida would also constitute misconduct if committed in New York.
As to sanctions, the AGC asserts that the sanction [*3]imposed by this Court for misconduct similar to that committed by respondent has ranged from a two-year suspension to disbarment based on the circumstances.
Respondent opposes, arguing that the infirmity of proof defense applies "as [it] relates to certain mitigating factors that [she does not] believe were adequately applied or considered in the Florida disciplinary proceedings." In this regard, she disputes the Referee's finding that her misconduct was the result of dishonest or selfish motive and asserts that: "[a]t the time of the notarial act, [she] believed the signer had actually signed the document, and any discussions related to [her] financial situation took place after the incident and independent of the notarial act"; she "was motivated by the regrettable desire to do a friend a favor"; but "[she has not] allowed [herself] to deviate from the standards required of this profession since." Moreover, she cites, inter alia, her personal circumstances (she is a single parent to two daughters), her good character, "the decades of impeccable service [she has] provided to [her] clients," and her "willing acceptance of responsibility, profound remorse, and substantial, successful efforts to make things right." She maintains that in light of the foregoing and her remorse, disbarment is not necessary to encourage reformation or rehabilitation or to protect the public and if reciprocal discipline is imposed, the lesser sanction of "rehabilitative suspension" is appropriate.
The AGC argues that respondent's reliance on 22 NYCRR 1240.13(b)(2) is misplaced since it pertains to infirmity of proof as to the attorney's misconduct, not the appropriateness of the sanction. Here, there is no infirmity of proof since respondent admitted the facts upon which the charged misconduct is based.
Respondent's assertion of infirmity of proof fails because she received notice of the charges against her and, represented by counsel, admitted them, and participated in the sanction hearing. Further, the Referee's and Florida Supreme Court's misconduct findings are fully supported by the record, which includes respondent's admissions, and the misconduct for which she was disciplined in Florida would constitute misconduct in New York in violation of New York Rules of Professional Conduct rules (22 NYCRR 1200.0) 3.3(a), 8.4(a), 8.4(b), 8.4(c), 8.4(d), and 8.4(h). As none of the enumerated defenses apply herein, it is appropriate to impose reciprocal discipline (22 NYCRR 1240.13[c]).
We find that that the sanction of disbarment is commensurate with the discipline imposed in Florida, which is warranted due to the seriousness of the misconduct at issue, namely, knowing false notarization, false sworn written statements, and repeated false deposition testimony and it is supported by this Court's precedent (see e.g. Matter of Heller, 9 AD3d 221 [1st Dept 2004], lv denied 3 NY3d 607 [2004]; Matter of Goffe, 209 AD2d 124 [1st Dept 1995]; Matter of Friedman, 196 AD2d [*4]280 [1st Dept 1994], appeal dismissed 83 NY2d 888 [1994], cert denied 513 US 820 [1994]).
Accordingly, the AGC's motion for reciprocal discipline should be granted and respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law in the State of New York.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Florida, is granted, and respondent Ellen Toback (Dorfman) is disbarred and her name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding herself out in any way as an attorney and counselor-at-law ; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent as is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and
It is further Ordered that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered. September 23, 2021