IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KAREN CHOY LAN YEE,
*Petitioner/Appellant,*

*v.*

MARTIN WAYNE YEE,
*Respondent/Appellee.*

No. 1 CA-CV 20-0274 FC

FILED 03-25-2021

Appeal from the Superior Court in Maricopa County
No. FC2008-007465
The Honorable Katherine M. Cooper, Judge

**APPEAL DISMISSED**

COUNSEL

Potter Law Firm, Avondale
By Trail T. Potter
*Co-Counsel for Petitioner/Appellant*

Moshier Law Firm PC, Scottsdale
By Jennifer Kristen Moshier
*Co-Counsel for Petitioner/Appellant*

Burt Feldman & Grenier PLC, Scottsdale
By Mary K. Grenier
*Counsel for Respondent/Appellee*

---

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        This appeal turns on when a family court's resolution of post-decree petitions or motions are appealable. This opinion clarifies that:

> (1) the family court's resolution of a post-decree motion is a "special order made after final judgment," Arizona Revised Statutes (A.R.S.) section 12-2101(A)(2) (2021),[1] and is appealable without certification under Arizona Rule of Family Law Procedure (Rule) 78 *but only after* the court resolves all relief sought in the motion; and

> (2) a ruling on a Rule 85 motion for relief from judgment or order that does not result in the entry of a Rule 78(b) or (c) final judgment may not be challenged by a Rule 83 motion to alter or amend judgment.

Applying these standards, this court lacks appellate jurisdiction in this matter. The appeal is therefore dismissed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2009, within a year of Karen Choy Lan Yee (Mother) petitioning for dissolution, the family court entered a consent decree dissolving her marriage to Martin Wayne Yee (Father). In the years that followed, the parties engaged in significant post-decree litigation. One such episode is relevant here.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶3        In late 2016, after the family court had resolved various post-decree petitions, Mother filed for bankruptcy. That bankruptcy complicated the family court proceedings. In April 2018, Father filed a post-decree application for his attorneys' fees and costs. In May 2018, when Mother did not object, the family court entered a "judgment and order" awarding Father more than $59,000 in fees and costs.

¶4        More than a year passed. Then, in August 2019, Mother filed a Rule 85 motion for relief from the May 2018 judgment. In December 2019, the court denied Mother's Rule 85 motion in a minute entry stating the motion was untimely, raised arguments that had been waived and was not supported by the record. This December 2019 minute entry also awarded Father fees for responding to Mother's Rule 85 motion in an amount to be determined. On January 14, 2020, the court entered a "judgment and order" awarding Father $2,825 in fees.

¶5        Meanwhile, in late December 2019, Mother filed a Rule 83 motion to amend the December 2019 minute entry. On January 21, 2020, the court issued a minute entry denying Mother's Rule 83 motion. On February 4, 2020, the court issued minute entries clarifying the January 14 judgment awarding fees and modifying the January 21 minute entry, nunc pro tunc.

¶6        In March 2020, Mother asked the court to enter a "final order" she submitted, which stated that "no further matters remain pending and that the judgment is entered under Rule 78(c)." In April 2020, the court entered Mother's proposed order containing this Rule 78(c) language, adding a handwritten reference to "medical expenses dated 3/10/2020 (entered 3/12/2020)," which are not part of this appeal. Two days later, Mother filed a notice of appeal, purporting to appeal from: (1) the May 2018 judgment awarding Father more than $59,000 in fees and costs; (2) the December 2019 minute entry denying Mother's Rule 85 motion; (3) the January 14, 2020 judgment awarding Father another $2,825 in fees; (4) the January 21, 2020 minute entry denying Mother's Rule 83 motion; and (5) the February 4, 2020 clarifying minute entries.

**DISCUSSION**

¶7        Father moved to dismiss the appeal for lack of jurisdiction. He argues appellate jurisdiction is lacking because (1) each of the post-decree rulings Mother challenges is a "special order made after final judgment," A.R.S. § 12-2101(A)(2), meaning they were immediately appealable when issued even though they lacked a Rule 78 statement of finality and (2) Mother failed to timely file a notice of appeal from any of those rulings. *See* ARCAP 9(a) (notice of appeal must be filed within 30 days after entry of the judgment from which the appeal is taken). Mother relies on A.R.S. § 12-2101(A)(1), which allows for an appeal from "a final judgment entered in an action . . . commenced in a superior court." This, Mother argues, means her time to appeal did not begin to run until the court entered the April 2020 order containing the Rule 78(c) statement of finality. Because Mother filed her notice of appeal two days after entry of the April 2020 order, she argues her notice of appeal was timely. Whether this court has appellate jurisdiction is an issue of law reviewed de novo. *See State v. Serrano*, 234 Ariz. 491, 493 ¶ 4 (App. 2014). That review begins with the recognition that this court has not spoken with one voice on the issues addressed here.[2]

---

[2] For cases taking different approaches in finding appellate jurisdiction over orders resolving post-decree motions or petitions, *compare, e.g., Stock v. Stock*, 250 Ariz. 352, 354 ¶ 4 (App. 2020) (finding appellate jurisdiction under A.R.S. § 12-2101(A)(1)) *with Glassbrook v. Cleary*, 2 CA-CV 2019-0100-FC, 2020 WL 256426, at *1 ¶ 3 (Ariz. App. Jan. 15, 2020) (finding appellate jurisdiction under A.R.S. § 12-2101(A)(2)) *with State ex rel. McEvoy v. McEvoy*, 1 CA-CV 18-0694 FC, 2019 WL 6606189, at *2 ¶ 7 (Ariz. App. Dec. 5, 2019) (finding appellate jurisdiction under A.R.S. §§ 12-2101(A)(1) and (A)(2)). For cases discussing the applicability of Rule 78 to orders resolving post-decree motions or petitions, *compare In re the Marriage of Ward*, 2 CA-CV 2019-0116-FC, 2020 WL 703552, at *1 ¶ 5 n.2 (Ariz. App. Feb. 11, 2020) (finding ruling appealable without Rule 78(c) language) *with Williams v. Williams*, 228 Ariz. 160, 167 ¶ 29 n.8 (App. 2011) (noting in dicta that "in appropriate cases" Rule 78(b) certification was available) *with Solorzano v. Jensen*, 250 Ariz. 348, 349 ¶ 4 n.4 (App. 2020) (finding Rule 78(c) was improper, given unresolved issues, but that Rule 78(b) was proper).

I.      **Mother Seeks to Appeal from Post-Decree Special Orders Made After Final Judgment that Were Appealable Without a Rule 78 Statement of Finality.**

**¶8**          This court's appellate jurisdiction "is defined, and limited, by the Legislature." *Brumett v. MGA Home Healthcare, LLC*, 240 Ariz. 421, 426 ¶ 4 (App. 2016). Whether this court has appellate jurisdiction turns on compliance with (1) the applicable statute on which appellate jurisdiction is based and (2) any applicable procedural rules.

**¶9**          A.R.S. § 12-2101, titled "Judgments and orders that may be appealed," specifies many types of orders over which this court has appellate jurisdiction. *Brumett*, 240 Ariz. at 425 ¶ 2. Mother argues appellate jurisdiction is proper under § 12-2101(A)(1), which states that "[a]n appeal may be taken . . . [f]rom a final judgment entered in an action . . . commenced in a superior court." Relying on that statutory provision, Mother argues she could not appeal until the family court entered the April 2020 order containing the Rule 78(c) statement of finality. *See* Rule 78(c) ("A judgment as to all claims, issues, and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 78(c)."); *cf. Brumett*, 240 Ariz. at 426 ¶¶ 4–6 (holding Ariz. R. Civ. P. (Civil Rule) 54(b) and (c), analogs to Rule 78(b) and (c), "define what constitutes an appealable 'final judgment'" under § 12-2101(A)(1)); Rule 1(c) ("If language in these rules is substantially the same as language in the civil rules, case law interpreting the language of the civil rules will apply to these rules.").

**¶10**          Mother's argument, however, does not account for the statute providing that a special order after entry of judgment is appealable without a certification of finality under Rule 78. Under A.R.S. § 12-2101(A)(2), this court has appellate jurisdiction over appeals "[f]rom any special order made after final judgment." *See Brumett*, 240 Ariz. at 426–27 ¶¶ 8–9. To constitute such a "special order made after final judgment," an order (1) must involve different issues than "those that would arise from an appeal from the underlying judgment" and (2) must affect "the underlying judgment by enforcing it or staying its execution." *Arvizu v. Fernandez*, 183 Ariz. 224, 226–27 (App. 1995); *accord In re the Marriage of Dorman*, 198 Ariz. 298, 300 ¶ 3 (App. 2000) (quoting *Arvizu*). In family court, such a special order made after final judgment is appealable regardless of whether it

includes a statement of finality. *Accord Brumett*, 240 Ariz. at 428–29 ¶ 15 (construing Civil Rule 54(b) and (c)).[3]

**¶11**        It is true that Rule 78 states "'Judgment' as used in these rules includes a decree or an order from which an appeal lies." Rule 78(a). This definition could be read as requiring that any "order from which an appeal lies" would require finality language under Rule 78(b) or (c) before it could be appealed. But "[t]his court's appellate jurisdiction is defined, and limited, by the Legislature." *Brumett*, 240 Ariz. at 426 ¶ 4 (citations omitted). For an appeal from a decree or a pre-decree order, it may be that a certification of finality would be required for such an order to become an appealable "final judgment" under A.R.S. § 12-2101(A)(1). *See id.* But for post-decree appellate jurisdiction over "any special order made after final judgment" under A.R.S. § 12-2101(A)(2), the inquiry focuses on the issues resolved in the order and whether it seeks to enforce or stay the decree, not whether the form of the order is a "final judgment" under Rule 78. *See Dorman*, 198 Ariz. at 300 ¶ 3 (quoting *Arvizu*). Similarly, a court rule "cannot expand appellate jurisdiction beyond any statutory grant." *State v. Bayardi*, 230 Ariz. 195, 197 ¶ 7 n.3 (App. 2014). Rule 78 therefore does not instruct whether this court properly has appellate jurisdiction under A.R.S. § 12-2101(A)(2) in this post-decree matter.

**¶12**        Applying these principles here, an order resolving a motion for relief under Rule 85 addressing resolution of a post-decree matter is appealable as a special order after final judgment under A.R.S. § 12-2101(A)(2). *See In re the Marriage of Dougall*, 234 Ariz. 2, 5 ¶ 9 (App. 2013); *accord M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) (concluding a ruling on a motion to set aside a final judgment under Civil Rule 60(b), analogous to a Rule 85 motion, is appealable under § 12-2101(A)(2) as a special order made after final judgment). Because a ruling on a Rule 85 motion addressing a post-decree matter falls within § 12-2101(A)(2), it is appealable even if it lacks finality language under Rule 78(b) or (c). *See Brumett*, 240 Ariz. at 428–29 ¶ 15.

---

[3] Classically, the decree is the "final judgment" in a family law case for appellate jurisdiction purposes under A.R.S. § 12-2101(A)(1). When the petition initiating the family law case seeks a determination of paternity and/or legal decision making, the order resolving those issues is the "final judgment" under A.R.S. § 12-2101(A)(1). Because this case involves post-decree motion practice, the reference throughout is to motions filed after entry of the decree.

**¶13**        More broadly, family court rulings that fully resolve post-decree petitions are appealable special orders entered after final judgment under A.R.S. § 12-2101(A)(2). *See, e.g.*, *Cone v. Righetti*, 73 Ariz. 271, 275 (1952) (post-decree order affecting custody and support of minor children); *Williams v. Williams*, 228 Ariz. 160, 165–66 ¶¶ 19–20 (App. 2011) (post-decree order modifying spousal maintenance); *Sheehan v. Flower*, 217 Ariz. 39, 40 ¶ 8 (App. 2007) (post-decree order on grandparent visitation); *Merrill v. Merrill*, 230 Ariz. 369, 371–72 ¶¶ 5–6 (App. 2012) (post-decree order on military retirement benefits).[4]

**¶14**        But not every family court order addressing a post-decree motion or petition is appealable. Far from it. Although a special order made after final judgment in family court does not require a Rule 78 statement of finality to be appealable, the family court must have fully resolved all issues raised in a post-decree motion or petition before an appeal can be taken under A.R.S. § 12-2101(A)(2). *See Williams*, 228 Ariz. at 165–67 ¶¶ 20–29 (citing, among others, *Dorman*, 198 Ariz. at 301 ¶ 4 for the proposition that an order was appealable because it resolved all issues "raised in the petition," and *In re Estate of McGathy*, 226 Ariz. 277, 280 ¶ 17 (2010) for the proposition "that an order completely resolving a particular [probate] petition is appealable notwithstanding the fact that the case may be ongoing," and noting the "court's reasoning in *McGathy* applies with just as much force to orders resolving post-decree petitions").[5]

---

[4] A request for post-decree relief in family court may be made by filing a petition under Rule 23(a) ("A 'petition' is the initial pleading that begins a family law case or a post-decree matter"), or a motion under Rule 35(a)(1) ("A party must request a court order in a pending action by motion, unless otherwise provided by these rules."). The rulings Mother challenges appear to have been initiated by post-decree motion. The parties, however, do not argue that the form of the request is relevant to whether this court has appellate jurisdiction.

[5] The current Rules do not reflect the requirement that the family court must have fully resolved all of the relief requested in a post-decree motion or petition before an appeal can be taken from such rulings. To avoid uncertainty and confusion, the court suggests the Arizona Supreme Court consider a rule change directing the family court to state when it has fully resolved a post-decree motion or petition, thereby putting the parties on notice that the time to take any appeal has begun. The resolution of this case, however, does not turn on the lack of such a rule.

¶15        Applying these principles, the May 2018 judgment awarding Father more than $59,000 in fees and costs resolved the entirety of the then-pending post-decree motion. Thus, that ruling was appealable as a special order after final judgment under A.R.S. § 12-2101(A)(2) even though it included no Rule 78 statement of finality. *See Williams*, 228 Ariz. at 165–67 ¶¶ 20–29. Mother, however, failed to timely file a notice of appeal within 30 days of the entry of the May 2018 judgment. Moreover, as discussed below, her other motions did not extend her time to appeal from the May 2018 judgment. For these reasons, this court lacks appellate jurisdiction to review the May 2018 judgment.

¶16        The December 2019 minute entry denying Mother's Rule 85 motion also was a special order after final judgment under A.R.S. § 12-2101(A)(2). By no later than the entry of the January 14, 2020 judgment awarding Father fees, the family court had resolved the entirety of that motion. Thus, by that date, the denial of Mother's Rule 85 motion was appealable under A.R.S. § 12-2101(A)(2) even though the family court had not issued a Rule 78 statement of finality. *See Williams*, 228 Ariz. at 165–67 ¶¶ 20–29. Mother, however, failed to timely file a notice of appeal within 30 days of that January 14, 2020 judgment. Thus, unless Mother's Rule 83 motion extended the time for her to file a notice of appeal, this court lacks appellate jurisdiction over the January 14, 2020 judgment.

## II.    Because Mother's Rule 83 Motion Was Improper, It Did Not Extend the Time for Appeal.

¶17        Mother argues her Rule 83 motion to amend the December 2019 ruling extended the time to appeal the ruling on her Rule 85 motion. The filing of certain post-judgment motions can delay the beginning of the 30-day time to appeal until the entry of "a signed written order" resolving such motions. ARCAP 9(e)(1). One such time-delaying motion is a Rule 83(a) motion to alter or amend a judgment. ARCAP 9(e)(1)(C). Mother relies on this provision to argue that her Rule 83 motion to amend the December 2019 ruling on her Rule 85 motion extended the time for appeal. On this record, however, Mother misconstrues Rule 83.

¶18        Rule 83 is one of a cluster of family court rules that a party may invoke to seek changes to rulings of various types in various contexts. *See* Rule 82(b) (allowing party to file motion to amend or make additional findings and amend judgment); 83 ("Altering or Amending a Judgment"); 84 ("Motion for Clarification"); 85 ("Relief from Judgment or Order"); 91 ("Modification or Enforcement of a Judgment"). Each of these rules addresses different issues and contains unique and specific requirements

and limitations. As applicable here, Rule 83 is limited to a specific subset of all judgments a family court may enter. *See* Rule 78(a)(1) (defining judgment as including "an order from which an appeal lies").

**¶19**　　　As discussed above, the family court denied Mother's Rule 85 motion in a December 2019 minute entry. Mother then filed a Rule 83 motion to amend that minute entry. Rule 83, however, is limited to a motion to alter or amend a Rule 78(b) or (c) judgment. Indeed, a Rule 83 motion must be filed within 25 days "after the entry of judgment under Rule 78(b) or (c)." Rule 83(c)(1). This express language means that a Rule 83 motion challenging a post-decree order or any ruling other than a Rule 78(b) or (c) judgment is improper and can provide no basis for relief. As a result, the family court lacked the authority to grant Mother's self-styled Rule 83 motion, and this court will not review that ruling. *Cf. McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 533 (1982) (if the superior court lacks "jurisdiction to issue an order[,] an appeal from that order gives the appellate court no jurisdiction except to dismiss the appeal.").

**¶20**　　　Mother cites *Desmond v. J.W. Hancock Enterprises, Inc.*, 123 Ariz. 474 (1979), and *Tripati v. Forwith*, 223 Ariz. 81 (App. 2009) in support of her appeal. Those cases, however, are distinguishable. In both cases, the courts reasoned that a motion for new trial under Civil Rule 59 directed to the denial of a motion for relief from a judgment or order under Civil Rule 60 extended the time to appeal the ruling. *Desmond*, 123 Ariz. at 475–76; *Tripati*, 223 Ariz. at 85–86 ¶¶ 18–22. *Desmond* and *Tripati* construed and applied the Civil Rules, which in this regard contain different language than the Rules applicable in family court. Unlike Rule 83, which links the filing of a motion to alter or amend to the entry of a final judgment certified under Rule 78(b) or (c), Civil Rule 59(a) allows a motion for new trial whether or not a judgment has been entered. *Compare* Rule 83(a) & (c)(1) *with* Civil Rule 59(a)(2).[6] *Compare* Rule 83(c)(1) *with* Civil Rule 59(d). Given

---

[6] *Maria v. Najera*, 222 Ariz. 306 (App. 2009), which held there is no jurisdiction to review a ruling on a motion for new trial directed to a partial summary judgment ruling unless such a ruling contains Civil Rule 54(b) language, does not compel a different result. *Maria* holds a non-appealable order cannot be turned into an appealable order by filing a motion for new trial and appealing from the decision on the new trial motion. And unlike Rule 83(c)(1), which requires that motions to alter or amend a judgment in family court target judgments reciting they are final under Rule 78(b) or (c), Civil Rule 59 allows new trial motions in civil court proceedings to target both prejudgment decisions and judgments. *See* Civil Rule 59(a).

the lack of any finality requirement in Civil Rule 59(b), *Desmond* and *Tripati* do not apply here.

**CONCLUSION**

**¶21** Mother did not timely appeal from the May 2018 judgment, the December 2019 ruling on the Rule 85 motion or the January 14, 2020 attorneys' fees judgment. Moreover, this court will not address the ruling on her Rule 83 motion because the superior court lacked the authority to address that motion. Accordingly, the court dismisses this appeal. In the court's discretion, after considering the record, Father's request for attorneys' fees pursuant to A.R.S. § 25-324 is granted contingent on his compliance with ARCAP 21. His request for taxable costs on appeal also is granted, again, contingent on his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:          HB

10