NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

HOUSEOPOLY LLC, *Plaintiff/Appellee,*

*v.*

SKY BOLES, *Defendant/Appellant.*

No. 1 CA-CV 22-0035
FILED 12-8-2022

---

Appeal from the Superior Court in Maricopa County
Nos. CV2021-014886
CV2022-050569
CV2022-050424
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**DISMISSED**

---

COUNSEL

Zona Law Group PC, Scottsdale
By Scott E. Williams, Amy Toppel, Mark B. Zinman
*Counsel for Plaintiff/Appellee*

Sky Boles, Phoenix
*Defendant/Appellant*

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

**H O W E**, Judge:

**¶1**         Sky Boles appeals from the superior court's order denying her three post-judgment motions. Because this court lacks jurisdiction, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In January 2021, Houseopoly, LLC, purchased at a sheriff's sale the home in which Boles was living. Houseopoly then demanded Boles vacate the property. Boles did not vacate the property and Houseopoly filed a forcible detainer action. The superior court set the trial on the action for November 15, 2021. It also ordered Boles to file (1) an answer by November 8, 2021, and (2) dispositive motions by November 10, 2021. Boles failed to file the answer or dispositive motions by the deadline. Boles also failed to appear at the trial. The superior court granted the forcible detainer, which allowed Houseopoly to obtain a writ of restitution to remove Boles from the premises.

**¶3**         Boles filed three post-judgment motions to (1) quash the writ of restitution and vacate the judgment for medical cause, (2) extend the time to answer due to medical hardship, and (3) extend the time to file dispositive motions due to medical hardship. Boles's main argument in the first two motions was that the requested relief should be granted because she had recently suffered from nocturnal seizures. Her third motion made no arguments.

**¶4**         In December 2021, in an unsigned minute entry, the superior court denied Boles's motions. Boles appealed the order. This court stayed the appeal pending a signed order corresponding to the minute entry. Meanwhile, Boles moved to set supersedeas bond for appeal. The superior court set the bond at $19,000. Boles then moved to set aside the bond as too

high, and the superior court denied her motion. Boles did not post the bond, nor did she appeal the judgment.[1]

## DISCUSSION

**¶5** At the outset, we note that Boles's opening brief lacks citations to relevant authorities, statutes, and portions of the record. *See* Ariz. R. Civ. App. P. 13(a). Boles's failure to comply with these rules limits our ability to evaluate her arguments or otherwise address her claims. *See, e.g.*, *In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 299 ¶ 28 (App. 2000) (refusing to consider unsupported and undeveloped arguments). Although Boles is a non-lawyer representing herself, she is held to the same standards as a qualified attorney. *Higgins v. Higgins*, 194 Ariz. 266, 270 ¶ 12 (App. 1999). Nevertheless, because we prefer to decide cases on the merits, we would attempt to discern and address the substance of Boles's arguments, *Clemens v. Clark*, 101 Ariz. 413, 414 (1966), but we lack jurisdiction and dismiss the appeal.

**¶6** Boles argues that the superior court abused its discretion in denying her post-judgment motions to (1) quash the writ of restitution and vacate the judgment for medical cause, (2) extend the time to file an answer, and (3) extend the time to file dispositive motions because she presented evidence of medical hardship. But before we can consider her substantive arguments, we must examine whether we have jurisdiction over this appeal. *AU Enterprises Inc. v. Edwards*, 248 Ariz. 109, 110 ¶ 4 (App. 2020). Our jurisdiction is limited by statute, and we "must dismiss an appeal over which we lack jurisdiction." A.R.S. §§ 12–2101, –120.21; *Baker v. Bradley*, 231 Ariz. 475, 479 ¶ 8 (App. 2013). Under A.R.S. § 12–2101, we have jurisdiction to hear an appeal from a final judgment or "[f]rom any special order made after final judgment."

**¶7** A post-judgment order may be appealed if the order: (1) "involve[s] different issues than those that would arise from an appeal from the underlying judgment," and (2) "affect[s] the underlying judgment by enforcing it or staying its execution." *Choy Lan Yee v. Yee*, 251 Ariz. 71, 75 ¶ 10 (App. 2021) (internal quotation marks omitted).

**¶8** Forcible entry and detainer actions are governed by the Rules of Procedure for Eviction Actions ("Rule"). Rule 1. Boles's motion to quash the writ of restitution and vacate the judgment for medical cause was

---

[1] Boles also filed two petitions for special actions in this court; jurisdiction was declined in both actions.

brought under Rule 14(c), although not explicitly cited. Rule 14(c) allows a party to request a stay on the issuance of a writ or quash a writ already issued. Similarly, Boles's motions to extend the time to file (1) an answer due to medical hardship and (2) dispositive motions due to medical hardship were brought under Rule 3(b), although not explicitly cited. Rule 3(b) allows a party to request an extension of time upon motion for good cause shown. Whether a ruling on motions made under Rules 14(c) and 3(b) may be appealed under A.R.S. § 12–2101 is unclear. Motions filed under Rules 14 and 3 are not addressed in A.R.S. § 12–2101(A).

**¶9**         Boles first appeals the superior court's denial of her post-judgment motion to quash the writ of restitution and vacate the judgment for medical cause under Rule 14(c). We lack jurisdiction over this issue on appeal because Boles could have raised that argument—her nocturnal seizures—on appeal from the eviction judgment. *See AU Enterprises Inc.*, 248 Ariz. at 111 ¶ 8 (stating that Rule 14(c) motions require defendants to "challenge the merits of the judgment for possession").

**¶10**        Boles next appeals the superior court's denial of her post-judgment motions to extend the answer and dispositive motions deadlines under Rule 3(b). Both motions raised issues that Boles could have raised on appeal from the eviction judgment. Therefore, we lack jurisdiction to consider whether the superior court erroneously denied Boles's motions to extend the deadline for her answer and dispositive motions.

## CONCLUSION

**¶11**		For the reasons stated, we dismiss this appeal. Boles acknowledges that because she is representing herself, she cannot request attorneys' fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126–27 ¶ 5 (App. 2014). However, she requests compensation for time lost without citing any authority. We deny her request because she was not successful on appeal. Houseopoly requests its costs and attorneys' fees under ARCAP 21, but that rule does not establish a substantive basis for awarding fees. We deny its request for attorneys' fees. As the prevailing party, however, Houseopoly is entitled to its costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA