IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DESIREE SIDONIA MOTLEY, *Petitioner/Appellee*,

*v.*

PAUL REED SIMMONS, *Respondent/Appellant*.

No. 1 CA-CV 22-0541 FC

FILED 10-10-2023

Appeal from the Superior Court in Maricopa County
No. DR1993-090578
The Honorable Quintin Cushner, Judge
Honorable Paula A. Williams, Judge
Honorable Brian D. Kaiser, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

John Bednarz P.C., Gilbert
By John G. Bednarz
*Counsel for Petitioner/Appellee*

Paul Reed Simmons, Mesa
*Respondent/Appellant*

---

## OPINION

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

---

**B R O W N**, Judge:

¶1        Paul Reed Simmons ("Father") appeals (1) an order denying his motion to dismiss a petition for entry of a judgment filed by Desiree Sidonia Motley ("Mother"), and (2) a judgment against him for unpaid interest on child support arrears.  Father contends Mother waited too long to challenge a prior order finding that his child-support obligation had been satisfied.  Because the prior order failed to account for interest Father owed, and the court had the legal authority to vacate that order, we affirm.

## BACKGROUND

¶2        The parties' 1993 divorce decree ordered Father to pay $296 a month in child support to Mother through May 2009.  In 1998, the superior court entered an arrears judgment against Father in the amount of $9,595, plus 10% interest until paid in full.  Over the ensuing years, Father paid varying amounts of child support.  After the parties' child turned 18, the court terminated Father's existing child support obligation but ordered Father to pay Mother child support arrears of $100 per month.

¶3        In November 2019, Father petitioned the superior court to stop the income withholding order, asserting in part that all past due child support, including interest, "has been paid."  He attached a letter from the clerk of the court stating he had overpaid child support as of June 30, 2018, although the letter did not mention interest and stated it would "not be made an official record, it is informational only."  Father's petition alerted Mother that if she did not respond within 20 days, the court would "grant the request, if appropriate."  Mother did not respond, and the court issued a signed order ("February 2020 Order") stopping the income withholding order and declaring all child support orders "fully paid and satisfied, including all past due support, arrearage judgments and interest."  The February 2020 Order did not reference Arizona Rule of Family Law Procedure ("Rule") 78(b) or (c).

¶4            In July 2021, Father requested a judgment for reimbursement of $16,934 in child support overpayments. This time, Mother objected, asserting that Father still owed arrears and interest. She then petitioned for an $11,637 judgment against Father. Father moved to dismiss Mother's petition as untimely, arguing it fell outside the (1) six-month period for challenging the February 2020 Order under Rule 85(c), and (2) the 30-day period to appeal from the February 2020 Order under ARCAP 9(a). The court first summarily denied Father's motion but then, several weeks later, vacated the order denying the motion to dismiss and directed Mother to file a response.

¶5            In her response, Mother argued the superior court could "entertain an[] independent action to relieve a party from a judgment" or "set aside a judgment for fraud on the court" under Rule 85(d)(1) and (3). The court denied Father's motion to dismiss, explaining the February 2020 Order was entered without a review of an interest calculation on the arrearages, and thus under Rule 85(d) it was in the interests of justice to allow Mother's petition to proceed.

¶6            Following an evidentiary hearing, the superior court ordered the Family Court Conference Center to provide an updated "arrears calculation/payment history" to the parties and the court. The updated report showed Father owed $6,639.87 for unpaid interest on child support arrears that accrued from May 1, 1998, through June 30, 2022. The court found that the report, "which included a complete payment history . . . and all arrearages and interest calculations," contained the most accurate record of Father's payments. The court entered judgment against Father for $6,639.87 under Rule 78(c). Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A.    Appellate Jurisdiction

¶7            Mother argues we lack appellate jurisdiction over Father's appeal from the order denying his motion to dismiss because he did not appeal that ruling within 30 days. We recognize that an order denying a motion to dismiss is an interlocutory, non-appealable order. *N. Propane Gas Co. v. Kipps*, 127 Ariz. 522, 525 (1980). But we can properly consider the interlocutory order denying the motion to dismiss because Father filed a timely appeal from the final judgment entered against him. *See* A.R.S. § 12-2102(A) (explaining that in a timely appeal from a final judgment, the appellate court "shall review any intermediate orders involving the merits

of the action and necessarily affecting the judgment, and all orders and rulings assigned as error[]"); *Pepsi-Cola Metro. Bottling Co. v. Romley*, 118 Ariz. 565, 568 (App. 1978) (holding that a timely appeal from a final judgment allows the appellate court to consider all prior non-appealable orders).

## B.     Denial of Motion to Dismiss

¶8          Father argues the superior court erred when it allowed Mother to submit an untimely response to his motion to dismiss. But he waived that argument by acknowledging on appeal he agreed Mother could file her response after the deadline. Father also contends that Mother never proved his conduct was fraudulent, as would be required for relief under Rule 85(b)(3), particularly considering the court's finding that "neither party knowingly presented a false claim." Notwithstanding these arguments, and as explained below, the court was justified in vacating the February 2020 Order on other grounds.

¶9          Father argues the court abused its discretion by denying his motion to dismiss Mother's petition because she failed to file it in a timely manner. The February 2020 Order declared all child support orders fully paid, "including all past due support, arrearage judgments, and interest," but Mother did not appeal or otherwise request relief from the order until over 18 months later. Father asserts that Mother "should not be allowed to wait a year and a half . . . to relitigate the issues" and that she needed to either timely appeal or timely seek relief under Rule 85. Thus, Father asks that we reverse the court's order granting Mother's petition.

¶10          We review de novo the grant or denial of a motion to dismiss, and whether the superior court properly applied the law. *State ex rel. Montgomery v. Mathis*, 231 Ariz. 103, 109, ¶ 17 (App. 2012). We will affirm if the court's order is correct for any reason supported by the record. *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (recognizing that appellate courts have an obligation to affirm if a reasonable interpretation of the facts and law support the trial court's judgment "even if the trial court [] reached the right result for the wrong reason"); *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006). We first address Father's argument that Mother

should have been barred from challenging the February 2020 Order because she did not appeal it.[1]

**¶11**　　　　Rule 78, which governs judgments entered in dissolution proceedings, was amended in 2018 (effective January 1, 2019), to require that a judgment addressing all claims, issues, and parties had to recite that no further matters remained pending, and the judgment was entered under Rule 78(c) to make it final. *See* Ariz. R. Fam. Law P. ("ARFLP") 78 (2019). Likewise, the 2018 amendments directed that a judgment addressing fewer than all claims or parties was not final unless the court determined there was no just reason for delay and it was entered under Rule 78(b). In *Yee v. Yee,* 251 Ariz. 71, 76, ¶¶ 12–13 (App. 2021), this court held that fully resolved post-decree orders are appealable under A.R.S. § 12-2101(A)(2), despite lacking specific references to Rule 78. *Yee* suggested, however, that a rule change "directing the family court to state when it has fully resolved a post-decree motion or petition" would avoid "uncertainty and confusion" by "putting the parties on notice that the time to take any appeal has begun." *Yee*, 251 Ariz. at 76, ¶ 14, n. 5.

**¶12**　　　　After that suggestion, a petition to amend Rule 78 was granted by our supreme court in August 2022. The rule now states that (1) a judgment resolving all claims and issues "*is not appealable*" unless it "recites that no further matters remain pending and that the judgment is entered under Rule 78(c)," or (2) a judgment resolving less than all claims is appealable only if the court "expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 78(b)." (Emphasis added.) In its order adopting the current version of Rule 78, the supreme court stated that the amendments apply to all future cases and "all cases pending in the superior courts *and appellate courts* on the filing date of this order." *See* Ariz. Sup. Ct. Order R-22-0005 (Aug. 29, 2022) (emphasis added). As a result, a portion of *Yee*'s analysis—that post-decree orders lacking Rule 78 language are appealable—has been superseded by the 2022 amendments.

**¶13**　　　　In the context of deciding whether a family court judgment is appealable, the text of Rule 78 is unambiguous. *See Gutierrez v. Fox*, 242

---

[1]　　　　Father also argues that if Mother believed the February 2020 Order was erroneous, under Rule 85(c) she had six months to file an appropriate motion. And by failing to do so, under "res judicata or collateral estoppel" she should not have been able to relitigate whether the order should be vacated. Because we conclude the superior court could properly revisit the non-appealable February 2020 Order, we need not address this argument.

Ariz. 259, 267, ¶ 28 (App. 2017) (explaining that courts will apply a rule as written if the language is unambiguous). Rule 78 plainly advises courts, litigants, and attorneys of the two mutually exclusive ways by which they may ensure that a judgment, as defined under Rule 78(a)(1), is appealable. These unambiguous requirements assure litigants they will not be subject to repeated disruptions by the filing of various appeals, and the Rule 78 requirements allow appellate courts to avoid considering issues that may be addressed later at trial, thereby promoting efficiency by encouraging the consolidation of appeals. *See Barassi v. Matison*, 130 Ariz. 418, 421 (1981); *Yee*, 251 Ariz. at 76, ¶ 14, n. 5.

**¶14** As far as the record reveals, the February 2020 Order was issued in response to a single claim for relief. That means the superior court needed to include a Rule 78(c) recitation; otherwise, the order would not be appealable. But the superior court did not say that no further matters remained pending under Rule 78(c) and thus, contrary to Father's suggestion, Mother could not have appealed the order. If the court or either party wanted the order to be appealable, the Rule 78(c) recitation had to be included. And without that language, the superior court had the authority to enter a new judgment that correctly reflected Father's remaining child support obligation.

**¶15** Father has not identified, and our research has not revealed, any authority suggesting the superior court cannot modify a non-appealable order issued in the same case. Instead, relevant authority supports the opposite conclusion. *See Courtney v. Foster*, 235 Ariz. 613, 616, ¶¶ 9–10 (App. 2014) (recognizing that a court has "inherent authority to modify its own order"); *cf.* ARFLP 78(b) (noting that a judgment adjudicating some but not all claims without reference to Rule 78(b) "is subject to revision at any time before the entry of a judgment adjudicating all the claims"). A court's ability to change prior decisions is not unique to family law but flows from the principle that courts may revisit orders as an exercise of their "inherent authority to take actions necessary to effectuate the administration of justice in cases pending before [them]." *Major v. Coleman*, 251 Ariz. 345, 348–49, ¶ 13 (App. 2021) (citation omitted).

**¶16** Specific to dissolution cases, our supreme court has authorized the family court to revisit its orders when appropriate. Rule 83(a) permits the court, "on its own[,] . . . [to] amend all or some of its rulings" if it determines that grounds to alter the ruling exists, and that such grounds "materially affect a party's rights." ARFLP 83(a)(1). One of those grounds is that the judgment "is not supported by the evidence or is contrary to law." ARFLP 83(a)(1)(H). The rule plainly authorizes a court to

act on its own accord and it may even go as far as to "vacate the judgment if one has been entered . . . and direct the entry of a new judgment."  ARFLP 83(b).  Moreover, nothing in the rule places a time restriction on the superior court's ability to *sua sponte* amend its prior rulings so long as the reason for doing is supported by at least one of the Rule 83 grounds.

**¶17**          When the superior court issued the February 2020 Order, the only evidence supporting Father's claim that he had overpaid Mother was the letter from the clerk of the superior court, which omitted any reference to interest.  After obtaining an arrears calculation report, the court confirmed that Father had outstanding child support interest owed to Mother.  Finding the calculation report to be the most accurate record of his payments and obligations, the court granted Mother's petition for entry of judgment to the extent she sought the $6,639.87 owed to her.  Although the court relied on Rule 85(d) as a basis to enter a new judgment, we need not decide whether this reasoning was proper because the court reached the correct outcome under its inherent authority as well as its authority under Rule 83 to correct an erroneous decision.  *See Geyler*, 144 Ariz. at 330.  The court's determination that the arrears calculation report was a more accurate record of Father's child support obligations provides ample justification for vacating the February 2020 Order because it was not supported by the available evidence.  *See* ARFLP 83(a)(1)(H).  And it was contrary to law because it failed to account for the interest that Father owed.  *Id*.

**¶18**          Father also objects to the superior court's reliance on the updated 2022 arrears calculation because it differs from the 2018 letter from the court clerk stating that he had overpaid.  According to the under advisement ruling, the parties agreed to have an updated arrears calculation prepared.  Because Father did not provide a transcript from the hearing, we presume the record supports the superior court's recognition of this agreement.  *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(c) (noting appellant has a duty to order relevant transcripts).  Even without the agreement, it was within the court's discretion to evaluate which evidence was more reliable.

### C.     Attorneys' Fees and Costs

**¶19**          The superior court denied Father's request for attorneys' fees and costs under A.R.S. § 25-324(A), which authorizes an award of fees after consideration of the parties' financial resources and the reasonableness of positions taken in the litigation.  Although Father suggests the court abused its discretion, he represented himself in the superior court and was

therefore not entitled to attorneys' fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. and Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014). And because Father did not prevail, the court did not err in denying his request for costs. *See* A.R.S. § 12-341 (providing for recovery of costs for the successful party in a civil action).

**¶20** Both parties request attorneys' fees and costs on appeal. *See* A.R.S. § 25-324(A). Because Father represents himself on appeal, he cannot claim fees. *See Munger Chadwick, P.L.C.*, 235 Ariz. at 126, ¶ 5. In the exercise of our discretion, we deny Mother's request for attorneys' fees. But as the successful party on appeal, Mother is awarded taxable costs subject to compliance with ARCAP 21(b)(3).

## CONCLUSION

**¶21** We affirm the superior court's order denying Father's motion to dismiss and the court's judgment entered in favor of Mother.



AMY M. WOOD • Clerk of the Court
FILED:   AA