NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

KERI ANN DEGUZMAN, *Petitioner/Appellee/Cross-Appellant*,

*v.*

BRIAN JUSTO DEGUZMAN, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 22-0669 FC
No. 1 CA-CV 22-0767 FC
(Consolidated)
FILED 02-22-2024

Appeal from the Superior Court in Maricopa County
No. FC2018-004768
The Honorable Bradley Astrowsky, Judge

**AFFIRMED**

APPEARANCES

The Cavanagh Law Firm, P.A., Phoenix
By Christina S. Hamilton
*Counsel for Petitioner/Appellee/Cross-Appellant*

Brian J. deGuzman, Scottsdale
*Respondent/Appellant/Cross-Appellee*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer B. Campbell joined.

**B R O W N**, Judge:

¶1        Respondent Brian Justo deGuzman ("Father") challenges several aspects of the parties' dissolution decree.  Petitioner Keri Ann deGuzman ("Mother") challenges the superior court's award of attorneys' fees.  For the following reasons, we affirm.

## BACKGROUND

¶2        Mother petitioned for legal separation in May 2018 and later converted her petition to one for dissolution.  The parties have four minor children.

¶3        Following a trial, the superior court entered a dissolution decree granting the parties joint legal decision-making authority, with Mother having "presumptive decision-making authority" if the parties could not agree in good faith.  The decree designated Mother as the primary residential parent, with Father having parenting time every other weekend and each Wednesday for several hours after school.  The court ordered Father to pay $6,500 in monthly spousal maintenance for seven years and $2,102 in monthly child support.

¶4        In dividing personal property, the court awarded each party "all vehicles, household furniture, furnishing and appliances, and other personal property in his/her possession."  It also specifically awarded Father a "Safe" and a "Laptop that is stored within [the] Safe."  Noting "[t]he parents may have a separate tax liability with the IRS," the court explained "the total liability is yet to be determined" and "there is nothing for the Court to do at this time" on that issue.  The court also noted Mother had "made an innocent spouse claim" that, if successful, could mean she "may owe no part of the [tax] debt."

¶5        The court awarded Mother attorneys' fees under A.R.S. § 25-324(A), finding Father had "considerably more [financial] resources available" and he "acted unreasonably in the litigation."  Mother requested more than $180,000 in attorneys' fees.  After considering Father's objections,

the court first awarded Mother $125,184.87 in fees in September 2022, but entered another signed order in November 2022 that lowered the award to $100,543.31.

**¶6** Both parties moved to alter or amend the decree, and Mother moved to vacate the second fee order. Father filed a notice of appeal challenging the decree and the fee award. We stayed the matter to allow the superior court to rule on the pending motions. The court largely denied those motions and finalized the second fee award in a signed Arizona Rule of Family Law Procedure ("Rule") 78(c) order. Mother then filed a notice of cross-appeal challenging the second fee order. We have jurisdiction over the appeal and cross-appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A. Mother's Motion to Dismiss the Appeal

**¶7** Mother's answering brief seeks to dismiss Father's appeal, asserting his opening brief does not cite the superior court record as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(5) and (7) and he did not provide trial transcripts as required by ARCAP 11(c)(1)(B).

**¶8** Generally, noncompliance with ARCAP 13 is not a sufficient basis for dismissal, nor is the failure to provide necessary transcripts. *See Ramos v. Nichols*, 252 Ariz. 519, 523, ¶ 10 (App. 2022). But without necessary transcripts, we will presume the evidence presented at trial supports the superior court's rulings. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010). As such, while we decline to dismiss Father's appeal, the lack of trial transcripts significantly impacts how we analyze the issues he raises.

### B. Legal Decision-Making Authority and Parenting Time

**¶9** Father raises several challenges to the superior court's legal decision-making authority and parenting time rulings. The superior court must determine legal decision-making authority and parenting time in accordance with the child's best interests. A.R.S. § 25-403(A). In determining best interests, the court must consider the relevant factors, including those set forth in A.R.S. §§ 25-403(A) and 25-403.01(B). The decree reflects the court's consideration of the relevant factors. We therefore review its findings for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).

¶10        Father first contends equal parenting time is presumed to be in the children's best interests, citing *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 6 (App. 2019). We have since clarified that the presumption is "a starting point for the superior court's best-interests analysis," and that parenting time schedules may be adjusted "after considering several variables." *Smith v. Smith*, 253 Ariz. 43, 46–47, ¶¶ 17–19 (App. 2022).

¶11        Father also challenges the court's fact findings as to several of the statutory factors. But he cites no record evidence to support his challenges and failed to provide trial transcripts. We therefore reject his contention that the parenting time schedule was "well off the mark." *See Blair*, 226 Ariz. at 217, ¶ 9.

¶12        Next, Father argues the court erred in granting Mother presumptive decision-making authority, arguing that by doing so, it effectively granted Mother sole legal decision-making authority. Not so. Mother's presumptive authority only arises if the parties "cannot agree after making a good faith effort to reach an agreement," at which point Mother can "make a preliminary decision that [she] shall then communicate to [Father]." These provisions do not convert the parties' joint legal decision-making authority into sole legal decision-making authority. *See Nicaise v. Sundaram*, 245 Ariz. 566, 568–69, ¶ 13–14 (2019) (stating that a "tie-breaking" parent is not granted sole legal decision-making authority and that orders "conditioning the exercise of [one parent's] final legal decision-making authority upon good-faith efforts to reach a consensus" were "common and commendable").

¶13        According to Father, because the court granted joint legal decision-making authority, "[i]t would only be reasonable . . . to conclude that this same assessment be applied to parenting time." That, however, is not the law. "Shared legal decision-making does not necessarily mean equal parenting time." A.R.S. § 25-403.02(E).

¶14        Father also argues the court failed to protect his rights under the First and Fourteenth Amendments to the U.S. Constitution. Regarding the First Amendment, he contends the court improperly reduced his parenting time based on his speech, asserting he was "penalized for answering . . . inquiries from his son about what he had witnessed himself and assigned as the cause of the demise of the family unit." Father appears to reference the court's findings that he "ha[d] engaged in adult communications" with one of the children and had involved that child "in issues concerning the divorce and concerning Mother's personal life." He cites no record evidence suggesting the court abused its discretion in

considering these matters while evaluating Father's past, present, and future relationships with the children. *See* A.R.S. § 25-403(A)(1). We therefore reject his contention that the court failed to protect his First Amendment rights. *See Blair*, 226 Ariz. at 217, ¶ 9.

**¶15** Concerning the Fourteenth Amendment, Father argues "gender bias and preconceived stereotypes . . . seem[ ] to have played a role in this case," but again cites no record evidence to support his contention. Father also broadly asserts the "best interests of the child" standard "is often used to violate a parent's clear and objective Constitutional rights." Given that he does not develop this argument further, it lacks any evidentiary support and provides no basis for reversal. *See J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021).

### C.     Spousal Maintenance

**¶16** Father contends the superior court did not use "the usual and reasonable ways used to calculate [spousal maintenance] duration," referencing Arizona's Spousal Maintenance Guidelines ("Guidelines"). The Guidelines do not apply to dissolution or legal separation petitions filed before September 24, 2022, unless the parties stipulate otherwise. Ariz. S. Ct. Admin. Order No. 2023-119. Mother filed her original petition in 2018 and thus the Guidelines do not apply in this matter.

**¶17** Father also challenges several findings supporting the court's spousal maintenance award. We will not overturn those findings absent an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014). Again, Father cites no record evidence to support his arguments and did not provide trial transcripts. On the limited record before us, he has not shown an abuse of discretion.

### D.     Attorneys' Fees

**¶18** Both parties challenge the court's attorneys' fee award. Mother argues the court lacked authority to enter the November 2022 fee award, citing the law of the case doctrine.

**¶19** Law of the case is a judicial policy under which we will not reopen questions previously decided in the same case by the same court or a higher court. *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993). When applied to decisions made by the same court, as is the case here, the doctrine is discretionary (not jurisdictional) and does not substantively limit the court's power. *State v. King*, 180 Ariz.

268, 279 (1994). It also does not preclude a judge from reconsidering his or her nonfinal orders. *Id.*

**¶20** The September 2022 fee award, while signed, was not certified under Rule 78. The court therefore could modify that award. *See* Ariz. R. Fam. L. P. 78(b) (stating that, absent a Rule 78(b) certification, "any decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Motley v. Simmons*, ___ Ariz. ___, ___, ¶ 14, 537 P.3d 807, 812 (App. 2023) (explaining that without Rule 78(c) certification, the superior court could enter a new judgment that reflected the correct child support obligation).

**¶21** Mother also contends the court was obligated to "provide notice" before modifying the fee award and "explain its rationale." But she cites no authority suggesting the court had to give notice of its intent to modify the award, particularly given the September 2022 order was interlocutory and she was not precluded from objecting to a subsequent change. Neither Mother nor Father requested any explanation of the rationale supporting the first or the second fee order. Moreover, "[t]here is no obligation for the trial court to make findings of fact under A.R.S. § 25-324." *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39 (App. 2011).

**¶22** Father argues the court should not have awarded Mother any attorneys' fees. We review a § 25-324(A) fee award for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

**¶23** Before awarding fees under § 25-324(A), a court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." The superior court found a substantial financial disparity and that Father had taken unreasonable positions in the litigation. Father challenges both findings but cites no record evidence to support his arguments. He has shown no error.

### E. Distribution of Property

**¶24** Father claims Mother has refused to return a safe and laptop awarded to him in the decree. Father must first seek relief in the superior court for any failure to comply with the decree, which he has not done.

**¶25** Father next argues that "most of the community property was loaded into a PODS container . . . and moved to a facility" but that Mother

"testified . . . there was no such container." Father asks us to direct Mother to "disclose information regarding the container, the whereabouts of its contents and work with [him] to equitably split those contents."

¶26        Mother says he did not raise this issue at trial. The record before us suggests Father at least sought to do so. In his pretrial position statement, he sought to "access the storage unit [to] remove all of his personal items within 5 business days after entry of the Decree." Mother also addressed this issue in her pretrial position statement, contending that Father "ha[d] nothing left in the storage units [she] has been renting." The decree does not specifically mention any storage units; the court instead awarded each party "all vehicles, household furniture, furnishing and appliances, and other personal property in his/her possession."

¶27        Absent transcripts, it is unclear whether Father litigated this issue at trial, and the record provides no basis to set aside the court's personal property distribution. Father has therefore waived this issue on appeal. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) (applying waiver where "in the absence of a transcript . . . there [was] no indication [the appellant] presented a counterargument to the trial court").

## F.        Division of Tax Liability

¶28        Father next argues the court erred by not dividing the parties' tax liability. As noted, the court found the amount of tax liability had not yet been determined and that Mother was pursuing innocent spouse relief. *See* 26 U.S.C. § 6015. Father does not explain why the court should have divided the tax liability before Mother's innocent spouse relief claim was resolved. He only broadly contends that "it would . . . be reasonable and lawful to assign each party with exactly one half of any accrued or accruing tax liability." Absent transcripts, we presume the trial evidence supported the court's decision not to divide the tax liability. *See Blair*, 226 Ariz. at 217, ¶ 9.

## G.        Judicial Bias

¶29        Finally, Father contends the judge "demonstrated significant bias against Father throughout leading him to fail at rendering a reasonable and just ruling." Because he did not seek relief in the superior court regarding this alleged bias, he has waived the issue on appeal. *See* Ariz. R. Fam. L. Proc. 6.1(c) (outlining the procedure for seeking a change of judge for cause); *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63, ¶ 30 (App. 2010) (concluding that failure to comply with the civil rule governing a change of judge for cause resulted in waiver of the issue on appeal).

¶30            Moreover, judges are presumed to be free of bias and prejudice. *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). A party challenging a judge's impartiality must (1) overcome this presumption, (2) set forth a specific basis for the claim of partiality, and (3) prove by a preponderance of the evidence that the judge is biased or prejudiced. *Simon*, 225 Ariz. at 63, ¶ 29. Father fails to make this showing; he instead contends the superior court judge "habitually ignored his . . . responsibilities with overdue rulings" and vaguely refers to matters from other cases that are not in the record. We therefore reject Father's judicial bias arguments.

## CONCLUSION

¶31            We affirm the decree and the November 2022 attorneys' fee award to Mother. After considering the parties' financial resources and the reasonableness of their positions throughout the proceedings, *see* A.R.S. § 25-324(A), in our discretion we grant Mother's request for reasonable attorneys' fees and taxable costs incurred on appeal subject to her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    TM

8