NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TRANG VAN CAMP, *Petitioner/Appellee*,

*v.*

JONATHAN VAN CAMP, *Respondent/Appellant*.

No. 1 CA-CV 23-0297 FC
FILED 2-29-2024

Appeal from the Superior Court in Maricopa County
No.  FC2015-000407
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Singer Pistiner, P.C., Scottsdale
By Jason Pistiner
*Counsel for Petitioner/Appellee*

Jonathan Van Camp, Chandler
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        Jonathan Van Camp (Father) appeals from an order dismissing his petition to modify spousal maintenance and granting Trang Van Camp's (Mother) petition to enforce in this post-decree proceeding. Because Father has shown no error, the orders are affirmed.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        Father and Mother have three children, all of whom are now adults. In 2015, Mother petitioned for divorce and in 2016 the superior court entered a decree of dissolution. Significant litigation addressing spousal maintenance, child support and parenting time followed, resulting in more than 400 post-decree docket entries.

¶3        In May 2022, Mother filed a petition to enforce, arguing Father failed to pay her portion of their 1st Bank Savings Account, "failed to pay his 50% share of the cost of preparing QDRO's" for Father's Motorola 401K account, and failed to pay all his spousal maintenance obligations. In September 2022, before the court ruled on Mother's petition to enforce, Father filed a petition to modify spousal maintenance.[2]

---

[1] The facts and procedural history recited are limited to those relevant to this specific appeal; additional information is available in *Marriage of Van Camp v. Van Camp*, 2017 WL2875099 (App. 2017) and *Van Camp v. Van Camp*, 1 CA-CV 20-0607 FC, 2021 WL 4783733 (Ariz. App. Oct. 14, 2021), addressing issues in prior appeals.

[2] Although Father's petition originally sought to modify child support as well (given the youngest child was turning 18), in January 2023, the parties filed an agreement modifying Father's child support obligation to reflect that their last minor child had reached the age of majority. Accordingly, the appeal is limited to his request to modify spousal maintenance.

¶4            In a November 2022 unsigned minute entry, the superior court denied Father's petition to modify, stating his arguments had been rejected by this court in a prior appeal, *see Van Camp,* 2021 WL 4783733, and that he provided no independent basis for modification. In March 2023, in a final judgment issued under Arizona Rule of Family Law Procedure (ARFLP) 78 the superior court granted Mother's petition to enforce, directing Father to pay $500 for "the [QDRO] preparation fees" and $10,000 in unpaid spousal maintenance or face contempt.

¶5            Father challenges the denial of his petition to modify and the granting of Mother's petition to enforce.

## DISCUSSION

### I.    This Court Has Appellate Jurisdiction Over Father's Appeal from the November 2022 Minute Entry.

¶6            Mother argues this court lacks appellate jurisdiction over the denial of Father's petition to modify "because Father did not timely file a notice of appeal." Conceding the November 2022 minute entry was unsigned, Mother argues that, because it resolves a post-decree petition, it "did not need to be signed to be an appealable order." Relying on *Yee v. Yee*, 251 Ariz. 71, 74 ¶ 10 (Ariz. 2021), she argues that Father's petition constitutes a "special order issued after entry of a judgment" which "is appealable without a certification of finality under Rule 78."

¶7            Mothers' argument fails. For a time, Mother's description of the law was correct. However, effective August 29, 2022, the definition of "judgment" was amended on an emergency basis to include "any post-judgment petition filed under Rule 91(b) is a judgment." ARFLP 78(a)(1) (effective 8/29/2022). That amendment became applicable in all pending cases on August 29, 2022. *Id.* The November 2022 denial of Father's petition to modify resolves just such a post-judgment petition. Because that November 2022 ruling was not certified as a final judgment or partial final judgment, s*ee* ARFLP 78(b) & (c), it was not appealable. *See also Motley v. Simmons*, 537 P.3d 807, 811 ¶ 13 (App. 2023) *(*explaining that Rule 78, as amended, "advises courts, litigants, and attorneys of the two mutually exclusive ways by which they may ensure that a judgment, as defined under Rule 78(a)(1), is appealable*)*.

¶8            The November 2022 ruling was only appealable when the court entered the final judgment, certified under ARFLP 78, on March 31, 2023. And Father filed a timely notice of appeal from that final judgment. Accordingly, the court has appellate jurisdiction over Father's challenges to

3

the November 2022 ruling pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(2).

## II. Father Has Not Shown the Superior Court Erred in Dismissing His Petition to Modify Spousal Maintenance.

**¶9** Father argues the court erred in finding he showed no substantial and continuing change in circumstances justifying modification, asserting "he presented competent evidence of" such a change. Absent a clearly erroneous showing, this court accepts the superior court's findings of fact, *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018), also deferring to that court for credibility assessments, *Femiano v. Maust*, 248 Ariz. 613, 615 ¶ 9 (App. 2020). This court reviews a petition to modify spousal maintenance for an abuse of discretion. *Id.*

### A. Father Did Not Show a Substantial and Continuing Change in Circumstances.

**¶10** As applicable here, the provisions of any decree respecting maintenance or support "may be modified or terminated on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-503(E). As movant, Father had the burden of proving the substantial and continuing changed circumstance. *McClendon v. McClendon*, 243 Ariz. 399, 401 ¶ 9 (App. 2017).

**¶11** The superior court concluded that the issues Father sought to raise had "been definitively ruled on by" this court in *Van Camp,* 2021 WL 4783733 and that he provided "no basis to modify" spousal maintenance. On appeal, Father argues that he "alleged a significant number of related factual circumstances that collectively amount to at least a prima facie showing of substantial and continuing changed circumstances requiring at least consideration of modification." Not so. His petition contained one summary allegation of purported changed circumstances: a reference to unidentified "health challenges," meaning "[his] employment and career is no longer certain." Father's "estimation of an expected, but as yet unrealized, decrease in income is speculative evidence at best and is not sufficient to sustain a finding of substantial changed circumstances." *Scott v. Scott*, 121 Ariz. 492, 494 (1979). Moreover, in the factual recitation of his petition, Father contradicts his assertion by claiming he has "continuing stable employment."

**¶12** Nor did Father allege a substantial and continuing change in Mother's circumstances. The petition vaguely alleged that: (1) "[he] does

not know whether Mother is presently employed full time as a teacher or has begun training and employment"; (2) he speculated "Mother's residential property has skyrocketed [in value]"; (3) "[he] believes that [the] value of the retirement accounts awarded to Mother have substantially increased" and (4) because the three children were no longer minors, "Mother's monthly reasonable needs have substantially decreased." By failing to allege or provide any basis for changed circumstances, Father has shown no error in the court concluding he did not prove a substantial and continuing change. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).

¶13 Even without regard to Father's failure to consistently pay spousal maintenance, he has not shown that the court was required to find that an alleged increase in the value of retirement accounts, or a decrease in expenses, constituted a substantial and continuing change. *See Scott v. Scott*, 121 Ariz. 492, 496 (1979) (concluding superior court properly found Mother's lower monthly expenses were not substantial and continuing changed circumstances). Moreover, by arguing that Mother's monthly reasonable needs have decreased because all children have reached the age of majority, Father confuses his child support obligations with spousal maintenance. For these reasons, Father has shown no error.

## III. Father Has Not Shown the Court Erred in Granting Mother's Petition to Enforce.

¶14 Father argues the superior court erred by granting Mother's May 2022 petition to enforce Father's payment obligations under the decree. The resulting March 2023 ruling ordered Father to pay $500 for his "portion of the Qualified Domestic Relations Order preparation fees" for Father's Motorola 401K account.

¶15 On appeal, Father only addresses the order that he pay $500 for preparation of the QDRO fees, asserting Mother's claim for that payment was time-barred under A.R.S. § 25-318(P). Father has not cited, and the court has not found, any legal authority applying the language of A.R.S. 25-318(P) to the enforcement of QDRO fees. Apart from this lack of precedent, Father's argument fails.

¶16 The decree explicitly required both parties to split the cost of QDRO fees for the Motorola 401K account. In June 2017, Mother paid $500 on behalf of Father to prepare that QDRO. In February 2019, less than two years later, Mother filed a petition asking, among other things, the court to require Father to pay his share of that QDRO preparation cost. The court entered several orders, including three contempt orders, and issued a civil

arrest warrant to motivate Father to make that $500 payment. When he continued in his failure to pay the $500 amount, Mother filed the current counter petition to enforce in May 2022. For these reasons, Father has not shown the superior court erred in granting Mother's petition to enforce.

**IV.     Attorneys' Fees on Appeal**.

**¶17**     Mother and Father both request an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. Having considered the financial resources of both parties, and their positions in the litigation, in the court's discretion, Mother is awarded her reasonable attorneys' fees incurred on appeal, contingent upon her compliance with ARCAP 21. Mother is also awarded her taxable costs on appeal contingent upon her compliance with ARCAP 21.

**CONCLUSION**

**¶18**     The order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA